USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/10/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
DINO MARTINEZ,
                    Petitioner,

    -against-

DAVID L. MILLER, Superintendent
Eastern Correctional Facility,

                    Respondent.
----------------------------------x

03 Civ. 3287 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

    On November 21, 2008, United States Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report"), recommending that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed. (Report at 2)  Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b).  After being granted an extension of time by this Court, Petitioner Dino Martinez filed specific, timely objections to Judge Dolinger's Report on January 26, 2009.

    28 U.S.C. § 636(b)(1)(c) requires the Court to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See Nelson v. Smith, 618 F. Supp. 1186, 1190 (S.D.N.Y. 1985) ("To the extent petitioner's objections are specifically directed at

one or more portions of the Report, . . . the Court must make a de novo determination of the matters underlying such objections."). After conducting a de novo review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

Having reviewed Judge Dolinger's Report de novo, the Court adopts the Report for the reasons set forth therein and in this Order.

## I. BACKGROUND

On February 11, 2003, Petitioner filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus. Petitioner was subsequently granted leave to amend his petition to name the proper respondent and detail his grounds for relief, and Petitioner filed an amended petition on July 7, 2003. In his amended petition, Mr. Martinez challenges his 1998 conviction and sentencing in New York State Supreme Court, New York County, on a charge of Burglary in the Second Degree. Petitioner raises three grounds for relief from his conviction and sentence: 1) that the trial court violated his constitutional right to a fair trial by failing to declare a mistrial when a prosecution witness collapsed in front of the jury and required medical attention; 2) that the trial court erred in finding that it did not have the

discretion to determine whether, under the circumstances of this case, a sentence of sixteen years to life for burglary in the second degree constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution; and 3) that the determination that Petitioner had two predicate violent felony convictions, making him a persistent violent felony offender for sentencing purposes, was improperly made by a judge rather than a jury, violating Petitioner's constitutional right to due process of law.  Judge Dolinger assessed Petitioner's claims and determined that all three fail as a matter of law.

The facts in this matter are sufficiently set forth in Judge Dolinger's Report and unless relevant will not be reiterated here.

## II. DISCUSSION

Petitioner makes a number of specific objections to Judge Dolinger's Report, each of which is addressed by the Court here.

### 1.   Denial of Petitioner's Application for a Mistrial

Petitioner first objects to the Magistrate's finding that the trial court did not violate Petitioner's due process rights under the Sixth and Fourteenth Amendments when it did not declare a mistrial after the prosecution's 84 year-old witness became sick and collapsed in front of the jury at the conclusion of his

testimony. (Petitioner's Objections ("Pet.'s Objs."), ¶¶ 6-10.) Specifically, Petitioner alleges that he was in fact prejudiced as a result of the witness's collapse, and that although the trial court investigated the impact of the event on the jurors' ability to render an impartial verdict, one juror's initial expression of concern and the "strong possibility" that other jurors were not forthcoming warranted the declaration of a mistrial by the trial court. (Id.)

As to Petitioner's Sixth Amendment right to a trial by an impartial jury, Judge Dolinger correctly noted that "mistrial is appropriate only where, taking all of the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise have been defeated." U.S. v. McDaniel, 2004 WL 1057627, at *4 (S.D.N.Y. May 10, 2004) (internal quotation marks and citation omitted). Indeed, "the power to declare a mistrial ought to be used with the greatest caution, under urgent circumstances, and for plain and obvious causes." Id. The test as to what constitutes manifest necessity is not susceptible to any mechanical formula, but rather, must be evaluated according to the facts and circumstances of each particular case. U.S. v. Millan, 817 F. Supp. 1086, 1088 (S.D.N.Y. 1993). As such, the trial court's determination as to what amounts to manifest necessity is afforded significant

4

deference under Supreme Court law. See Arizona v. Washington, 434 U.S. 497, 513-514 (1978) ("There are compelling institutional considerations militating in favor of appellate deference to the trial judge's evaluation of the significance of possible juror bias."). The Second Circuit, accordingly, has said that a trial court's mistrial ruling "is entitled to great deference irrespective of any statement of reasons by the trial court." U.S. v. Ruggiero, 846 F.2d 117, 123 (2d Cir. 1988). In this case, the record shows that the trial court conducted an interview with each member of the jury to ferret out potential prejudice before finding that all of the jurors had "indicated . . . that they can be fair and impartial" (Trial Transcript ("Tr.") 275.) and denying Petitioner's application for a mistrial, and later issued a curative instruction. (Id. at 280.)

Upon a de novo review, this Court finds that, given the broad discretion afforded the trial court's decision to deny Petitioner's mistrial application, the Appellate Division's decision to affirm that determination cannot be viewed as contrary to, or an unreasonable application of, clearly established federal law.

Petitioner is further unable to demonstrate that the trial court's denial of a mistrial violated his right to a fair trial under the Due Process Clause of the Fourteenth Amendment. To

5

prevail on such a claim in a federal habeas proceeding, Petitioner must show that the denial of Petitioner's application for a mistrial "was so inherently prejudicial as to pose an unacceptable threat to [Petitioner's] right to a fair trial; if the challenged practice is not found inherently prejudicial and if [Petitioner] fails to show actual prejudice, the inquiry is over." Holbrook v. Flynn, 475 U.S. 560, 572 (1986). The collapse of a prosecution witness in front of the jury is not inherently prejudicial, and Petitioner has not shown that it caused actual prejudice among any of the jurors. Further, as noted above, the trial court investigated the impact of the event on the jurors' ability to render an impartial verdict, and found that it did not affect the jurors' impartiality. Petitioner has not shown he was denied a fundamentally fair trial in violation of the Fourteenth Amendment, and the rejection of his claim by the Appellate Division was neither contrary to, nor an unreasonable application of, clearly established federal law.

2.  Procedural Default

Petitioner next objects to the Magistrate's finding that Petitioner committed procedural default by not preserving his two sentencing claims for appellate review, and therefore is procedurally barred from habeas review on these claims. (Pet.'s

Objs., ¶¶ 11-15.)  Petitioner maintains that he preserved his claim that the trial court could find that a sentence of sixteen years to life was cruel and unusual punishment in this case under the Eighth Amendment because he presented it to the trial court at sentencing, on direct appeal, and to the New York Court of Appeals, prior to seeking review here.  (Id. ¶¶ 12-13.) Petitioner asserts that the Appellate Division's finding that the claim was without merit is evidence that the court did in fact review his claim on the merits, and rejected it.  (Id. ¶ 15.)

Procedural default in state court "bar[s] habeas review when 'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'"  Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (quoting Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996)).  In this case, the Appellate Division explicitly stated that both of Defendant's sentencing arguments were "unpreserved for appellate review."  People v. Martinez, 289 A.D.2d 62, 63, 734 N.Y.S.2d 138, 139 (1st Dept. 2001).  That the court also stated that the claims were meritless does not disturb that conclusion.  See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding.  By its very definition, the adequate and independent state ground doctrine requires the

federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."). The state court's decision must rest on a "state law ground that is . . . adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Here, the "adequate" state law ground that created procedural default in the state system was the contemporaneous objection rule embodied in N.Y. Crim. Proc. Law § 470.05(2) ("For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."). A state procedural rule is "adequate" if it is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). The contemporaneous objection rule is well established and regularly followed in New York. See, e.g., id. at 79-82.

Despite his objections to this Court, the record shows that Petitioner did not, in fact, raise the two sentencing arguments presented in his Petition for Writ of Habeas Corpus at his sentencing hearing. At sentencing, the defense argued neither

8

that the sentence of sixteen years to life was unconstitutional under the Eighth Amendment, nor that the sentencing determination that Petitioner had two prior felony convictions was improperly made by a judge, rather than a jury. (See S. Tr.) These claims were therefore procedurally barred for review under New York law.

3.   The Constitutionality of Petitioner's Sentence

In his final objections to Judge Dolinger's Report, Petitioner reasserts the merits of his sentencing claims, and asks this Court to declare the New York statute under which he was sentenced, N.Y. Penal Law § 70.08, to be unconstitutional. (Id. ¶¶ 16-21.) Under N.Y. Penal Law § 70.08(1), "[a] persistent violent felony offender is a person who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions. . . ." As to sentencing a person found to be a persistent violent felony offender, § 70.08(2) mandates that, "[f]or a class C felony," which includes Burglary in the Second Degree, "the minimum period [of imprisonment] must be at least sixteen years and must not exceed twenty-five years." N.Y. Penal Law § 70.08. Under the plain language of the statute, the trial court was correct that it was required to sentence Petitioner to a minimum term of sixteen years. (S. Tr. 7:10-12.)

9

In considering a claim that a sentence to a particular term of imprisonment violates the Eighth Amendment's ban on cruel and unusual punishment, the Supreme Court has held that "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (quoting Solem v. Helm, 463 U.S. 277, 288 (1983)); see also Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003) (quoting Harmelin, 501 U.S. at 1001) ("the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case"). As such, "federal courts should be reluctant to review legislatively mandated terms of imprisonment, and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare." Ewing v. California, 538 U.S. 11, 22 (2003) (quoting Hutto v. Davis, 454 U.S. 370, 374 (1982)). Given these guiding principles, courts have repeatedly upheld sentences of persistent violent felony offenders charged with Burglary in the Second Degree under the New York state law scheme, see, e.g., Charlemagne v. Goord, 2008 WL 2971768, at *20-21 (S.D.N.Y. June 30, 2008), and Petitioner's sentence cannot be

called "grossly disproportionate" to his crime. The trial court's decision to sentence Petitioner in accordance with N.Y. Penal Law § 70.08 did not violate Petitioner's rights under the Eighth Amendment.

Petitioner's second sentencing argument is that his sentence is unconstitutional because the trial judge, rather than a jury, made the determination that he had two prior felony convictions, bringing him under the sentencing scheme of § 70.08, in alleged violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Court finds this argument meritless, given the particular exception carved out by Apprendi. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). The trial court's determination that Petitioner's prior convictions qualified Petitioner to be a persistent violent felony offender under New York law therefore raises no constitutional issue under Apprendi, and Petitioner's second sentencing argument has no merit.

### III. CONCLUSION

Accordingly, after conducting an independent de novo review of Judge Dolinger's Report and Recommendation, and reviewing the record herein, it is ORDERED AND ADJUDGED as follows:

11

1.  The Report and Recommendation of United States Magistrate Judge Michael H. Dolinger dated November 21, 2008 is approved, adopted, and ratified by the Court in its entirety; and

2.  The petition for a writ of habeas corpus is hereby DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962).

The Clerk of the Court is directed to dismiss the petition with prejudice.

SO ORDERED.

Dated:    New York, New York
          June 9, 2009

                                        DEBORAH A. BATTS
                                        United States District Judge